UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
COLORADO SPRINGS DIVISION

CASE NO:

STEVEN WALKER,

    Plaintiff,

v.

FATBOY SLIMS MOVING
COMPANY, LLC,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, STEVEN WALKER ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files this Complaint for Damages and Demand for Jury Trial against Defendant, FATBOY SLIMS MOVING COMPANY, LLC ("FATBOY" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201-216, to seek redress for Defendant's violations of the FLSA against this Plaintiff during the course of his employment.

## PARTIES

2. During times material hereto, Plaintiff, STEVEN WALKER, resided in Colorado Springs, Colorado, was over the age of 18 years, and otherwise *sui juris*.

3. Defendant, FATBOY, is a Colorado limited liability company with its principal place of business in Colorado Springs, Colorado.

4. During all times material hereto, Defendant, FATBOY, and was vested with the authority to hire, fire, and discipline employees, including Plaintiff. Furthermore, during all times material hereto, Defendant, FATBOY, determined, approved, and/or administered the payroll practices including the issuance of Plaintiff's payment. Accordingly, Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

5. During all times pertinent hereto, Plaintiff was dependent upon Defendant, FATBOY, for his employment, as Defendant supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work for their benefit and in furtherance of their business objectives.

## JURISDICTION AND VENUE

6. A substantial amount of the acts and omissions giving rise to this dispute took place within Colorado Springs, Colorado, within the jurisdiction of this Honorable Court.

7. Jurisdiction is proper within the District of Colorado pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

8. Venue is proper within the District of Colorado pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

9. Defendant, FATBOY, is a professional moving company that offers residential and commercial relocation and packing services in Colorado.

10. Defendant, FATBOY, hires individuals to provide these residential and commercial relocation and packing services in Colorado.

11. Defendant hired plaintiff to perform work for their benefit.

12. During all material times hereto, Defendant employed Plaintiff as a non-exempt, hourly employee.

13. During times material hereto, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendants; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

14. In or around November 2021, Plaintiff began working for Defendants in an hourly, non-exempt position.

15. During all times pertinent to his employment, Plaintiff was economically dependent upon Defendants and was subject to the control of Defendants during all pertinent time periods of his employment.

16. During Plaintiff's employment period, he worked in excess of forty (40) hours per week in one or more workweeks.

17. During Plaintiff's employment period, Defendant paid him an hourly rate, with his most recent hourly rate being $15.00 per hour.

18. During Plaintiff's employment period, Defendant paid him a daily rate for out of state moves, with his most recent daily rate being $180.00 per day.

19. Defendant failed to compensate Plaintiff at or above the applicable federal overtime wage in one (1) or more workweeks when Plaintiff worked more than forty (40) hours within the previous three (3) years.

20. During all times material hereto, Defendant failed to properly maintain accurate time and/or payroll records for Plaintiff.

21. During one or more workweeks Plaintiff's total compensation divided by the number of hours he worked resulted in Plaintiff being paid less than the applicable federal minimum wage.

22. The wage violations committed by Defendant are willful and/or intentional, as Defendant knew of the overtime wage requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

23. As a result of these violations, Plaintiff did not receive the applicable federal minimum wage in one or more workweeks within the past three (3) years.

24. Plaintiff is entitled to receive at least federal minimum wages for each hour worked.

25. Defendant failed to properly maintain records of hours actually worked by Plaintiff.

26. Defendant assigned Plaintiff with duties and responsibilities and appointed supervisors to oversee the work performed by Plaintiff.  Defendant was therefore on notice of the hours worked by Plaintiff at various worksites in the State of Colorado.

27. Defendants violated the FLSA by not paying Plaintiff, at least federal minimum wage for certain hours worked.

28. Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class members in accordance with the law.

29. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firm and are therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

### **FLSA COVERAGE**

30. During all times material hereto, Defendant, FATBOY, was covered under the FLSA through enterprise coverage, as these Defendant was engaged in interstate commerce during all

4

time periods in which Plaintiff was employed.  More specifically, during all times material hereto, Defendant's business and Plaintiff's work for these Defendants affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, these Defendant were engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A).*

31. During his employment with Defendant, Plaintiff and other employees regularly handled goods and/or materials on a constant and/or continuous basis that moved through interstate commerce, including, but not limited to the following: boxes, packing tape, packing pellets, bubble wrap, moving tape, painters tape, lifting straps, etc.

32. Defendant, FATBOY regularly employed two (2) or more employees for the relevant time period, and these employees regularly handled the same or similar goods and materials to those goods and materials handled by Plaintiff, thus making FATBOY an enterprise covered by the FLSA.

33. Upon information and belief, Defendant, FATBOY, grossed or did business in excess of $500,000.00 during the years of 2021, and on information and belief, is expected to gross in excess of $500,000.00 in 2022.

34. During his employment period, Plaintiff has been regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and are therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently used interstate highways in furtherance of his work objectives, which constitute an instrumentality of interstate commerce.

5

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS - 29 U.S.C. § 206

35. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 34 as though set forth fully herein.

36. Plaintiff was entitled to be paid at least the full federal minimum wage in one or more workweeks for certain hours worked during his employment with Defendant.[1]

37. Defendant knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wage contrary to the FLSA.

38. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendants.

39. Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

40. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, STEVEN WALKER, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FATBOY SLIM MOVING COMPANY, LLC, and award Plaintiff: (a) unliquidated federal minimum wages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

---

[1] Wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." *See* 29 C.F.R. § 531.35.


## DEMAND FOR JURY TRIAL

Plaintiff, STEVEN WALKER, hereby demand a trial by jury on all appropriate claims.

**Dated this 13th day of April 2022.**

                Respectfully Submitted,

                **USA EMPLOYMENT LAWYERS -**
                **JORDAN RICHARDS, PLLC**
                1800 SE 10th Ave. Suite 205
                Fort Lauderdale, Florida 33316
                Ph: (954) 871-0050
                *Counsel for Plaintiff*

                By: */s/ Jordan Richards*
                JORDAN RICHARDS, ESQUIRE
                Florida Bar No. 108372
                Illinois Bar No. 6328923
                *jordan@jordanrichardspllc.com*
                *jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 13th day of April 2021.

                By: */s/ Jordan Richards*
                JORDAN RICHARDS, ESQUIRE
                Florida Bar No. 108372

## SERVICE LIST: