# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# COLORADO SPRINGS DIVISION

## CASE NO: 22-cv-00889-PAB

STEVEN WALKER,

    Plaintiff,
v.

FATBOY SLIMS MOVING
COMPANY, LLC,

    Defendant.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE

COMES NOW, Plaintiff, STEVEN WALKER ("Plaintiff"), and Defendant, FATBOY SLIMS MOVING COMPANY, LLC ("Defendant") (Plaintiff and Defendant collectively "the Parties") by and through undersigned counsel, and hereby file this Joint Motion for Court Approval of Settlement Agreement and Request For Order of Dismissal with Prejudice, as follows:

### I. FACTUAL BACKGROUND

On April 13, 2022, Plaintiff filed his Complaint for Damages [D.E. 1], alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* against Defendant. Plaintiff amended his Complaint to add a claim for FLSA retaliation on May 25, 2022. [D.E. 10]. Defendant answered the Complaint on June 8, 2022. [D.E. 11]. The Parties thereafter exchanged dozens of documents supporting their claims and defenses.

In order to avoid the expense, risk and uncertainty of protracted litigation, the Parties negotiated a settlement agreement ("the Agreement") through counsel and reached an accord on all material terms. Indeed, despite agreeing to resolve Plaintiff's claims in this case, Defendant expressly denies that Plaintiff was an employee and contends Plaintiff's contract was terminated

for reasons unrelated to the claims asserted in this matter. *Id.* Defendant also continues to dispute the number of hours that Plaintiff claims to have worked. *Id.*

That said, the Parties jointly represent to this Honorable Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to properly evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter. The settlement reached in this case provides Plaintiff with fair and reasonable compensation for his FLSA minimum wage claim when considering that:

a. Plaintiff signed an independent contractor agreement;
b. Defendant's records indicate that Plaintiff was paid at or over the minimum wage, though the records indicate that payments to Plaintiff had been subject to deductions due to damages allegedly caused by Plaintiff in the course of performance of work for Defendant, and such deductions effectively reduced Plaintiff's compensation below the minimum wage, and the amounts set forth in the settlement agreement are intended to compensate for the amounts in controversy;
c. Plaintiff enjoyed a substantial amount of independence and freedom with respect to his work on behalf of Defendant;
d. Plaintiff was recently incarcerated, which the parties expect would substantially impact Plaintiff's ability to participate in the litigation.

Importantly, the Agreement acknowledges the risks inherent with protracted litigation and the possibility that Defendant would have proved Plaintiff was an independent contractor under the FLSA had this matter not amicably resolved. A copy of the fully executed Agreement attached hereto as Exhibit A. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

## II. **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power

prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. *See Gassel v. American Pizza Partners, L.P.*, 2015 WL 5244917, at *2 (D. Colo. Sept. 8, 2015) (Brimmer, J) (citing *Lynn's Food Stores, Inc*., 679 F.2d at 1353-55); *see also Perez v. PJ'S Land Clearing & Excavating, Inc.*, 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, **such as FLSA coverage** or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353 (emphasis added). This Honorable Court has previously held that: "[t]o approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." *Baker v. Vail Resorts Management Company*, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (internal citations omitted)

3

Here, the Parties respectfully submit that the resolution of Plaintiff's FLSA claims is fair and reasonable. Specifically, Defendant adamantly denies Plaintiff is covered by the FLSA by virtue of his classification as an independent contractor. Moreover, Defendant denies Plaintiff was ever paid under the applicable minimum wage and provided Plaintiff's counsel with records which corroborate this denial. Last, Plaintiff's counsel voluntarily reduced their attorneys' fees in order to swiftly and amicably resolve this case.[1] Based on the foregoing, there remains a *bona fide* dispute as to whether any liability exists and the Court should approve the settlement agreement and dismiss the case with Prejudice.

If Plaintiff had proceeded to trial, a jury could have determined that Plaintiff was an exempt independent contractor, and/or that the termination of Plaintiffs' services was not a retaliatory response to this lawsuit. In order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *see Lacroix v. JP Deluxe Auto Services, LLC*, 2016 WL 1095773, at *2 (S.D. Fla. Nov. 21, 2016) (approving compromised FLSA Claim where both parties were represented by counsel and bona fide disputes existed regarding the Plaintiff's FLSA claim); *see also Padilla v. KB International Trading Corp.*, 2017 WL 8075327, at *1 (S.D. Fla. Nov. 15, 2017) (holding that private resolution of FLSA suits under the supervision of the district court "are intended principally to resolve controvers[ies] over any FLSA terms actually in dispute.")

Under the Agreement, Plaintiff is receiving $2,697.00 to resolve all of his claims which could have been brought against Defendant. Separate and apart from Plaintiff's allocation of the settlement proceeds, Plaintiff's counsel is receiving $3,303.00 in attorneys' fees and costs. *See*

---

[1] Plaintiff's counsel reduced their attorneys' fees by approximately 30% in order to resolve this matter.

*Padilla*, 2017 WL 8075327, at *2 (approving FLSA settlement agreement where the employee received $5,010.00 in unliquidated damages, $5,010.00 in liquidated damages and $7,200.00 in fees and $780.00 in costs); *see also Dell Valle v. Digital Risk, LLC*, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (adopting Report and Recommendation for approval of FLSA Settlement Agreement where attorneys received $10,000 out of a total settlement of $20,000); *Jenkins v. Associated P'ship, Ltd., Inc.*, 2010 WL 375936 (M.D. Fla. Jan 25, 2010) (adopting Report and Recommendation for approval of settlement agreement and for dismissal with prejudice in an FLSA matter where Plaintiff's attorney received $20,000 in fees and costs, and Plaintiff received $10,000 for unpaid wages and liquidated damages); *see also Torres v. CubeSmart Management, LLC*, 2021 WL 3134377, at *1 (M.D. Fla. June 14, 2021) (adopting Report and Recommendation to approve FLSA settlement in which Plaintiffs received $22,500.00 in wages and liquidated damages and counsel received $25,500.00 in attorneys' fees and costs.).

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Moreover, the undersigned counsel voluntarily exchanged documents and negotiated resolution in good faith and believe Plaintiff's claims asserted in this Lawsuit are being fairly resolved. The Agreement also provides for attorneys' fees and costs to be paid to Plaintiff's counsel. Awards for attorneys' fees and costs in FLSA cases often exceed the amount of damages at issue for the plaintiff(s), and fee awards need not be proportional to the recovery for the plaintiff(s). *Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."). In addition, the attorney's fees and costs that are payable to Plaintiff's

5

counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

## III. CONCLUSION

In conclusion, the Parties submit that there exists a bona fide dispute as to whether Plaintiff was an independent contractor or employee and whether Plaintiff was ever paid under the applicable minimum wage. Moreover, the time and expense associated with protracted litigation militate in favor of resolution and dismissal of this case, especially because Plaintiff was recently incarcerated. The Parties reviewed dozens of documents and negotiated in good faith in order to amicably resolve Plaintiff's claims. Last, counsel for the Parties are experienced in wage and hour litigation and believe the settlement agreement is fair and reasonable under these particular circumstances.

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA minimum wages, and request that this Honorable Court enter an order granting the Parties' Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice, and request that the Court enter a dismissal of all claims with prejudice, and retain jurisdiction to enforce of the Settlement Agreement for forty five (45) days.

**Date: July 8, 2022**

Respectfully submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS** | **ROBINSON & HENRY, P.C.** |
| **JORDAN RICHARDS, PLLC** | 1805 Shea Center Dr., Suite 180 |
| Counsel for Plaintiff | Highlands Ranch, CO 80129 |
| 1800 SE. 10th Ave, Suite 205 | Tel: (720) 597-3660 |
| Fort Lauderdale, Florida 33316 | *Counsel for Defendant* |
| Tel: (954) 871-0050 | |
| | By:*/s/ William C. Groh* |
| By:/s/ Jake Blumstein | **WILLIAM C GROH III, ESQ.** |
| **JORDAN RICHARDS, ESQ.** | Colo Bar No. 43577 |

Fla. Bar No. 108372
**JAKE BLUMSTEIN, ESQ.**
Fla. Bar No. 1017746
**DAVID M. NUDEL, ESQ.**
Florida Bar No. 1003678
jordan@jordanrichardspllc.com
jake@jordanrichardspllc.com
david@usaemploymentlawyers.com
*Counsel for Plaintiff*

bill.groh@robinsonandhenry.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically served by CM/ECF on all parties listed below on this 8th day of July 2022.

By: *Jake Blumstein*
JAKE BLUMSTEIN, ESQ.
Fla. Bar No. 1017746

## SERVICE LIST:

**WILLIAM C GROH III, ESQ.**
Colo Bar No. 43577
bill.groh@robinsonandhenry.com
**ROBINSON & HENRY, P.C.**
1805 Sea Center Dr., Suite 180
Highlands Ranch, CO 80129
Tel: (720) 597-3660
*Counsel for Defendant*