DocuSign Envelope ID: BED8921B-7A9B-4BF5-9539-C0C3B28C0FA2

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between Steven Walker ("Plaintiff" or "Walker"), on the one hand, and Fatboy Slims Moving Company, LLC ("Defendant"), on the other hand. Walker and Defendant shall collectively be referred to as the "Parties."

**WHEREAS**, on or around April 13, 2022, Walker commenced a lawsuit against Defendant in the United States District Court for the District of Colorado, Case No. 22-cv-00889-PAB-NRN (the "Lawsuit");

**WHEREAS**, the Lawsuit included claims by Walker related to his alleged employment with Defendant, including, *inter alia*, claims that Defendant failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and that Defendant had retaliated against Walker in connection with the claims asserted in the Lawsuit in violation of 29 U.S.C. § 215(a)(3);

**WHEREAS**, Defendant denies the allegations in the Lawsuit and denies that it is liable for any claims alleged by Walker; and

**WHEREAS**, the Parties mutually desire to fully and finally settle all differences and to resolve Walker's individual claims against Defendant;

**NOW, THEREFORE**, intending to be legally bound by the terms hereof, and in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, and to avoid the risk, inconvenience and expense of litigation, and without any admission of fault or liability on the part of the Parties;

**IT IS HEREBY AGREED** by and between the Parties as follows:

1. **Consideration.** In consideration for Plaintiff's agreement to all the terms, conditions, and promises in this Agreement and Plaintiff's agreement to dismiss the Lawsuit with prejudice (subject to the stipulations contained herein with respect to obtaining court approval of this Agreement), Defendant shall pay Plaintiff the total gross amount of Six Thousand Dollars ($6,000.00) ("Settlement Amount"), inclusive of all costs and attorneys' fees incurred, in full and final settlement of the Lawsuit and any and all claims related thereto. The Settlement Payment shall be broken down into two (2) separate payments, to be paid as follows:

    a. Defendant shall no later than fourteen (14) days following Walker's execution of this Agreement, or fourteen (14) days following the entering of a Court Order approving this Agreement and dismissing the Action, whichever occurs later, deliver, or cause to be delivered to Walker's attorneys, Jordan Richards PLLC, at 1800 Southeast 10th Ave., Suite 205, Fort Lauderdale, Florida 33316, two (2) checks in the total amount of Six Thousand Dollars ($6,000.00) ("Settlement Funds"), distributed in the following manner:

    i. One check, made payable to Steven Walker, in the amount of Two Thousand Six Hundred Ninety-Seven Dollars and Zero Cents ($2,697.00); and

ii. One check, made payable to Jordan Richards PLLC, in the amount of Three Thousand Three Hundred and Three Dollars and Zero Cents ($3,303.00), representing attorneys' fees and costs, which shall not be subject to tax withholding, and reported to Jordan Richards PLLC and Walker on an IRS Form 1099, reported as Box 10 "Gross proceeds paid to an attorney."

b. For the avoidance of confusion, Defendant, and not Walker, shall be responsible for payment of the employer's share, if any, of any applicable payroll taxes (including, but not limited to FICA contributions), with respect to the payment identified in Paragraph 1(a)(i), but shall have no responsibility or liability for any taxes or withholding with respect to the payments identified in Paragraph 1(a)(ii) and 1(a)(iii). Also for the avoidance of any confusion, it is Defendant's position that Walker was an independent contractor and not an employee of Defendant, and is to be paid on an IRS Form 1099.

2. **Release and Covenant Not to Sue by Walker.** Walker agrees that he shall irrevocably and unconditionally release, acquit and forever discharge Defendant and its parents, subsidiaries, members, managers, officers and directors with respect to all claims, known and unknown to him, with the exception of Defendant's obligations to Walker under this Agreement, including any wage and hour claims under state or federal law relating to his employment by or provision of services to Defendant including, without limitation, the failure to pay wages, back wages, overtime, minimum wages, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal, state or local wage and hour laws, including, but not limited to the Fair Labor Standards Act, and the Colorado Wage Act. Walker agrees that he shall irrevocably and unconditionally release, acquit and forever discharge Defendant with respect to any claims under state or federal law relating to any matter of employment or the provision of services with, to or for Defendant, including any form of compensation or relief permitted under any federal, state or local laws, including, the Family and Medical Leave Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, the Civil Rights Act of 1991, the Colorado Anti-Discrimination Act and/or Colorado common law during the time that Walker was employed by or otherwise performed services for Defendant, and will not commence or prosecute, either in concert or individually, any action or proceeding, whether legal, judicial, quasi-judicial or administrative, on behalf of himself or any other person or entity, asserting claims, against Defendant. This release and waiver does not apply to Walker's right to enforce this Agreement.

Nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as may be applicable on the date Walker signs this Agreement, (iii) that may arise after Walker signs this Agreement, or (iv) which cannot be released by private agreement.

3. **Release and Covenant Not to Sue by Defendant.** Defendant agrees that it shall irrevocably and unconditionally release, acquit and forever discharge Walker with respect to all claims, known and unknown to it, with the exception of Walker's obligations to Defendant under this Agreement.

4. **Non-Admission.** This Agreement does not constitute an admission of any liability, fault or wrongdoing by Defendant. Instead, Defendant denies any and all liability to Walker and enter into this Agreement solely to avoid time and expense of litigation. Walker and Defendant agree that there exists a Bona-Fide dispute whether he was Defendant's employee, whether he was terminated and the number of hours he worked per week. Walker and Defendant further agree that this Agreement shall not be admissible in any proceeding except one instituted by either Party alleging a breach of this Agreement or in support of a Joint Motion for Approval of this Agreement. The prevailing party in an action required to enforce the terms of this Agreement shall be entitled to it/their reasonable attorneys' fees and costs.

5. **Representation by Counsel.** This Agreement has been negotiated by the Parties through their respective counsel. All Parties to this Agreement warrant, represent and agree that the terms of this Agreement were read, discussed with counsel, fully understood and are voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims released by this Agreement. THE PARTIES EXPRESSLY REPRESENT, WARRANT AND ACKNOWLEDGE THAT (a) EACH HAS READ THIS AGREEMENT AND FULLY INFORMED HIMSELF OF ITS TERMS, CONTENT, CONDITIONS AND EFFECT; (b) IN MAKING THIS AGREEMENT, EACH HAS HAD THE BENEFIT OF THE ADVICE OF COUNSEL UPON WHICH THEY HAVE RELIED; (c) EACH EXECUTES THIS AGREEMENT VOLUNTARILY AND WITHOUT COERCION; (d) EACH FULLY UNDERSTANDS ALL OF ITS TERMS AND CONDITIONS; AND (e) EACH CANNOT PROCEED AGAINST THE OTHER WITH RESPECT TO, OR ON ACCOUNT OF, ANY MATTERS COVERED BY OR SUBJECT TO THIS AGREEMENT, EXCEPT AS EXPRESSLY SET FORTH HEREIN AND TO ENFORCE THIS AGREEMENT.

6. **Representation of Authority.** The parties and signatories to this Agreement represent and warrant that they have the right and authority to execute this Agreement and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any interest, right, claim, or demand, or portion thereof, relating to any matter in this Agreement. Each party and signatory agrees to indemnify the other party for any injuries suffered as a result of any breach of the representations and warranties in this paragraph.

7. **No Rehire.** The Parties agree that Defendant has no obligation, contractual or otherwise, to rehire, re-employ or recall Walker in the future.

8. **Non-Disparagement.** The Parties agree to refrain from making false statements that are disparaging, demeaning, or defamatory to the other.

9. **Neutral Reference.** Defendant agrees that they will respond to all inquiries for an employment reference for Walker by providing only a neutral reference consisting of dates of employment and position held, and by stating that it is company policy not to provide any additional information regarding prior employees.

10. **Enforcement.** The Parties understand and agree that the Court shall have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and

obligations contemplated by the Settlement Agreement have been fully carried out.

   11. **Choice of Law and Forum.** This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado, without regard to principles of conflicts of law. The parties consent and stipulate to the personal jurisdiction of the state and federal courts of Colorado in any subsequent proceeding to enforce this Agreement. In the event that either Party files a lawsuit to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to an award of its reasonable attorney's fees and costs.

   12. **Invalidity.** Should any provisions of this Agreement be declared to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be part of this Agreement. The Parties agree that the foregoing sentence shall not apply in the event the scope of the general release set forth herein is limited, modified, or otherwise adjusted by the Court, as part of the Court's decision on Plaintiff's anticipated Unopposed Motion for Approval of this Settlement Agreement and Release, so long as the resulting release of claims, as modified by the Court, completely releases Defendant from any and all wage-and-hour-related claims by Walker, and all other claims asserted in the Lawsuit, in which case the remainder of this Agreement shall remain in full force and effect.

   13. **Counterparts and Electronic Signatures.** This Agreement may be executed in counterparts, each of which shall constitute an original and which together shall constitute a single instrument; in addition, any facsimile, DocuSign or PDF copy of any party's executed counterpart of this Agreement (or its signature page thereof) shall be deemed to be an executed original thereof. Electronic signatures are permitted and shall be deemed as enforceable as wet signatures or facsimiles thereof.

   14. **Integration.** The recitals set forth above are incorporated herein and expressly made part of this Agreement as if set forth herein at length. This Agreement sets forth the entire agreement between Walker and Defendant, and fully supersedes any prior or contemporaneous agreements or understandings between the Parties.

   15. **Successors and Assignment.** This Agreement shall be binding upon and inure to the benefits of the Parties hereto and their respective heirs, administrators, executors, and assigns. Neither this Agreement nor any right or interest hereunder shall be assignable by Walker or Defendant without prior written consent of an authorized agent of the other party.

   16. **Amendment.** The parties acknowledge that this Agreement cannot be altered, modified or otherwise changed except by a writing signed by all parties to the Agreement. This Agreement is six (6) pages in length, including the signature page.

   17. **Headings.** The headings of sections and paragraphs herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

18. **Neutral Construction.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

*[Remainder of page intentionally left blank; signature page to follow]*

      **IN WITNESS WHEREOF**, I have hereunto set my hand and seal on the dates set forth below.

ALISHA RIVERA

*Alisha Rivera* (Jul 5, 2022 16:07 MDT)                Jul 5, 2022

Power of Attorney for Steven Walker              Date

Fatboy Slims Moving Company, LLC

By: *Madelyn Pena*                7/7/2022

      DocuSigned by F1873474CB734F3...        Date

Name: Madelyn Pena

Title: Owner